IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-034 |
| | ) | |
| BRIAN OWENS, Commissioner; GDC; STATE OF GEORGIA; FNU MULLINS; MR. MOORE, CII; FNU KING; DR. FARRELL; FNU COPELAND; K. LEE; MS. FARRA, P.A.; SHIRLYN THOMAS, Deputy Warden of Care and Treatment; FNU JOHNSON; FNU CONE; CLAY TATUM; FNU BUSSEY; WILLIAM DANFORTH; DR. FRY; FNU FREEMAN; FNU PRIDE; DENNIS BROWN; DARRELL HART, Warden; TERRY WILSON, HSA; FSA STAFF; HSA STAFF; RICK JACOBS; RANDALL HOLDEN, Deputy Warden of Security; LAWRENCE TINDALL, Captain of Security; MR. JONES, Sergeant; TED PHILBAN; GAIL KNOWLES; A. PINEIRO, GP Counselor; FNU FOUER; BETTY BAILY-DEAN; FNU CELESBETH; SAMUEL S. OLENS, Attorney General; DAVID A. ZISOOK, Assistant Attorney General; ASMP STAFF; WSP STAFF; HPS STAFF; and VSP STAFF, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison ("WSP") in Waycross,

---

[1]Plaintiff identifies himself as Willie Terrell, Jr., and the name of another individual identified as Willie James Terrell, Sr., appears in the "Parties" section of the complaint. (Doc. no. 1, p. 4.) However, only Plaintiff signed the complaint, and the other individual named has not paid a filing fee or filed a motion to proceed *in forma pauperis*. Therefore, the other individual will not be included as a plaintiff in this case.

Georgia,[2] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[3] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

---

[2]Although he is currently incarcerated at WSP, Plaintiff's complaint primarily concerns events that allegedly occurred while he was incarcerated at Augusta State Medical Prison, located in Grovetown, Georgia. (See doc. no. 1.)

[3]Plaintiff recently submitted several other complaints. See Terrell v. Owens, CV 112-030, doc. no. 1 (S.D. Ga. Mar. 2, 2012); Terrell v. Owens, CV 112-028, doc. no. 1 (S.D. Ga. Feb. 27, 2012); Terrell v. Owens, CV 112-026, doc. no. 1 (S.D. Ga. Feb. 21, 2012); Terrell v. Brown, CV 112-018, doc. no. 1 (S.D. Ga. Jan. 30, 2012); Terrell v. Owens, CV 112-017, doc. no. 1 (S.D. Ga. Jan. 30, 2012). While the allegations in these complaints overlap considerably, they are not identical, and there are also differences in the defendants named and relief requested. Therefore, the Court will treat the complaints as pleadings in separate civil actions.

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous under § 1915(g): (1) Terrell v. Grady Memorial Hosp., No. 09-13077-D (11th Cir. Jan. 20, 2010) (appeal dismissed as frivolous); (2) Terrell v. Grady Memorial Hosp., CV 108-3931 (N.D. Ga. May 29, 2009) (case dismissed as frivolous); and (3) Terrell v. Fulton County, CV 109-513 (N.D. Ga. May 26, 2009) (case dismissed as frivolous). As Plaintiff filed a complaint or an appeal that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint primarily concerns events that allegedly occurred in or prior to August of 2011. (See doc. no. 1, pp. 5-7.) Because these alleged events concern past injuries that occurred well before

3

the filing of Plaintiff's complaint in March of 2012, they are insufficient to show any imminent danger of serious physical injury during the relevant time frame. See Medberry, 185 F.3d at 1193.

Plaintiff also alleges that he began suffering stomach pains on January 22, 2012, and that prison officials refused to provide him treatment. (Doc. no. 1, p. 5.) However, Plaintiff reports that those symptoms subsided on January 25, 2012, meaning that he was not at risk as a result of his these symptoms at the time he filed his complaint. (See id..) Moreover, Plaintiff's allegations of suffering symptoms such as head and stomach aches for a few days without treatment are insufficient to satisfy the standard for showing imminent danger of serious physical harm.[5] Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious physical injury where the plaintiff alleged total withdrawal of treatment for serious diseases, including HIV and hepatitis, as a result of which he suffered from severe ongoing complications). As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must

---

[5]The Court additionally notes that these allegations pertain to events that allegedly occurred at WSP, which is situated in the Waycross Division of the Southern District of Georgia. Thus, should Plaintiff choose to refile his claims concerning events that allegedly occurred at WSP, he should do so by filing a complaint, along with the full filing fee, in the Waycross Division. Filings in cases in the Waycross Division must be made with the Clerk, U.S. District Court, Post Office Box 8286, Savannah, Georgia 31412.

4

submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 20th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE